UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LARRY PORTER,<br>        Plaintiff,<br>  v.<br><br>GLEN S. GOORD, DONALD SELSKY,<br>I.G. TODD, MICHAEL P. McGINNIS,<br>RICHARD DONOHUE, JAMES P. WAITE,<br>RICHARD W. STRONG, SGT. GARY P. MORSE,<br>CONNIE DEMERITT, PAUL H. WEED,<br>PETER A. MASTRANTONIO, JR., and<br>JOEL W. ARMSTRONG,<br>        Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>**04-CV-506F** |

---

APPEARANCES:  LARRY PORTER, *Pro Se*
        88-A-4542
        Upstate Correctional Facility
        P.O. Box 2001
        Malone, New York 12953

        ANDREW M. CUOMO
        NEW YORK STATE ATTORNEY GENERAL
        Attorney for Defendants
        DAVID J. STATE
        Assistant New York State Attorney General, of Counsel
        Main Place Tower, Suite 300A
        350 Main Street
        Buffalo, New York 14202

## JURISDICTION

On March 20, 2008, the parties consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) (Doc. No. 129). The matter is now before the court on Plaintiff's motion, filed May 2, 2008, seeking injunctive relief (Doc. No. 131).

## BACKGROUND

Plaintiff commenced this action, *pro se*, on July 13, 2004, alleging Eighth

Amendment violations based on an alleged assault by certain corrections officers. On December 19, 2006, Plaintiff filed an amended complaint alleging excessive force, failure to protect, failure to treat, federal due process claims, and state law negligence and assault claims (Doc. No. 34).

As noted, on May 2, 2008, Plaintiff requested a "hearing on injunctive relief," seeking an order directing specific forms of medical treatment related to injuries allegedly suffered as a result of the assault alleged by Plaintiff in the instant action, and several forms of special security in connection with Plaintiff's incarceration at Upstate Correctional Facility ("Upstate") at which Plaintiff is presently housed ("Plaintiff's motion"). On June 4, 2008, Defendant filed the Affidavit of David J. State, Assistant New York State Attorney General, with attached copies of various medical treatment records pertinent to Plaintiff's equitable requests, in opposition to Plaintiff's motion ("State Affidavit") (Doc. No. 137). No reply was filed by Plaintiff, and oral argument was deemed unnecessary.

## FACTS[1]

As relevant, Plaintiff has alleged excessive force was used against him by Corrections Officer Defendants Weed, Mastrantonio and Armstrong during an encounter that allegedly took place in his cell while Plaintiff was housed at the Southport Correctional Facility ("Southport") on December 24, 2002, a failure to supervise by Defendants Waite, Strong and Morse, a failure to treat by Defendant DeMerritt, and federal due process violations in connection with several disciplinary

---

[1] Taken from the pleadings and papers filed in the referenced matter.

hearings conducted by Defendant Donohue in connection with Plaintiff's conduct at the time of the encounter.

According to Defendants, Plaintiff has been assigned to a single occupant cell and has been repeatedly afforded medical attention by medical staff at Upstate, his present facility, in response to his complaints about his safety and need for medical aid, but Plaintiff has refused to cooperate with Upstate medical staff to obtain the treatment Plaintiff alleges he needs. State Affidavit ¶ ¶ 4-5 (referencing copies of Plaintiff's medical records at Upstate).

## DISCUSSION

In order to justify equitable relief, Fed.R.Civ.P. 65 requires a showing that the plaintiff has a reasonable likelihood that he will prevail on the merits of the action to which the request for equitable relief relates, and that unless the relief is granted, the plaintiff will suffer irreparable harm. *Time Warner Cable, Inc. v. DirecTV, Inc.,* 497 F.3d 144, 152-53 (2d Cir. 2007). Moreover, it is fundamental that the persons against whom such equitable relief is sought must be parties, or persons in privity with the parties, to the underlying action. *See* Fed.R.Civ.P. 65(d)(2) (injunctive relief available against parties, officers, agents, servants, employees, and attorneys and persons in active concert or participation with same); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.,* 191 F.3d 297, 302-03 (2d Cir. 1999).

Here, in Plaintiff's motion, Plaintiff presents no evidence by affidavit or otherwise supporting a finding that Plaintiff is likely to prevail on the merits of the instant action or that absent the special security arrangements or medical assistance Plaintiff requests,

Plaintiff will suffer irreparable harm.[2] Indeed, as Defendants note, Plaintiff is presently housed in a single-occupant cell, a higher form of security for inmate housing, State Affidavit ¶ 3, and has repeatedly refused to cooperate with prison medical staff in responding to his treatment requests. *Id.* ¶ 4.

Moreover, although not addressed by the parties, as no party to the instant action, including Defendant Goord, a former New York Commissioner of Correctional Services (Doc. No. 146) (Goord retired in 2006), presently has any authority over Plaintiff's living conditions at Upstate, and as no Upstate personnel are defendants in the instant action and Plaintiff has not demonstrated such persons are acting in concert with any Defendant in the instant action, Fed.R.Civ.P. 65(d)(2), no equitable relief is available against such personnel based on the claims alleged in the instant action. *See Doctor's Associates, Inc.*, 191 F.3d at 302-03.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 131) is DENIED.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 21, 2009
      Buffalo, New York

---

[2] On August 7, 2008, Defendants moved for summary judgment (Doc. Nos. 144-148), Plaintiff has opposed the motion (Doc. Nos. 151-152), which remains pending.