UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LARRY PORTER,

      Plaintiff,

v.

GLEN S. GOORD, et al.,

      Defendants.

**DECISION
and
ORDER**

04-CV-00506F
(consent)

---

APPEARANCES:  LARRY PORTER, *Pro Se*
         88A4542
         Upstate Correctional Facility
         P.O. Box 2001
         Malone, New York 12953

         ANDREW M. CUOMO
         Attorney General, State of New York
         Attorney for Defendants
         DAVID J. STATE
         Assistant Attorney General, of Counsel
         Main Place Tower
         Suite 300A
         350 Main Street
         Buffalo, New York 14202

On July 30, 2009, the undersigned issued in this *pro se* prisoner civil rights action a Decision and Order (Doc. No. 158) ("the July 30, 2009 Decision and Order"), granting Defendant's motion for summary judgment (Doc. No. 144). On August 6, 2009, Plaintiff moved for reconsideration of the July 30, 2009 Decision and Order (Doc. No. 160) ("Plaintiff's motion"), filing in support a Memorandum of Law (Doc. No. 161) ("Plaintiff's Memorandum"), and the Affidavit in Support of Motion (Doc. No. 162) ("Plaintiff's Affidavit"). On September 15, 2009, Defendants filed a Memorandum of

Law in Opposition to Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment (Doc. No. 164) ("Defendants' Memorandum"). In further support of the motion, Plaintiff filed on September 25, 2009, a Reply Memorandum of Law (Doc. No. 165) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Whether to grant a motion for reconsideration is within the sound discretion of the court, *Griffin Industries, Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y 1999) (citing cases), and the criteria for reconsideration motions are "strictly construed against the moving party." *Larouche v. Webster,* 975 F.Supp. 490, 492 (S.D.N.Y. 1996) (citing cases). A motion for reconsideration will not be granted absent a showing that (1) the court overlooked factual matters or controlling decisions that might materially have influenced the earlier decision, or (2) the "need to correct a clear error or prevent manifest injustice." *Griffin Industries*, 72 F.Supp.2d at 368 (internal citations omitted). A motion for reconsideration is not intended as a vehicle for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite at the apple.'" *Id*., at 368 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Plaintiff essentially asserts in support of reconsideration that the undersigned "overlooked" numerous unspecified facts, particularly, that Defendants "admitted" being personally involved in Plaintiff's alleged civil rights violations. *See*, *e.g.*, Plaintiff's Memorandum ¶ 6 (reminding that in Plaintiff's statement of undisputed facts submitted in support of summary judgment, Plaintiff stated that "Defendants Demeritt, Weed, Mastrantonio, Armstrong, Morse, Strong, Waite, Donahue, McGinnis, Selsky, Todd

2

'Admitted themselves personally involvement factual matter pointed out I believes this court had overlooked.'"). In opposition to reconsideration, Defendants maintain that Plaintiff fails to point to any particular matter not addressed in the July 30, Decision and Order, or to any intervening change in relevant law. Defendants' Memorandum at 3. In further support of reconsideration, Plaintiff argues that Defendants have misrepresented Plaintiff's arguments in support of reconsideration. *See*, *e.g.*, Plaintiff's Reply ¶ 2 (characterizing Defendants' statements regarding Plaintiff's failure to specify the "overlooked" factual matters as "totally false").

As Defendants assert, although Plaintiff argues that many factual matters were "overlooked" in the July 30, 2009 Decision and Order, Plaintiff has failed to point to any factual matter or controlling decision overlooked by the court, or to any clear error by the court that requires correction to prevent manifest injustice. As such, there has been no demonstration that the court failed to consider any factual matter or decision that was properly before the court, or that reconsideration is necessary to correct any clear error by the court or to prevent manifest injustice to Plaintiff. *Griffin Industries*, 72 F.Supp.2d at 368. Accordingly, Plaintiff's motion for reconsideration (Doc. No. 160) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
      LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     March 9, 2010
               Buffalo, New York